UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSHUA WARD, and FONDA WARD, | NO. CIV. S-04-0678 FCD PAN |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| CALIFORNIA DEPARTMENT OF TRANSPORTATION/CALTRANS; CALIFORNIA AMTRAK; STATE OF CALIFORNIA; JACOB KEATING; COUNTY OF SACRAMENTO; COUNTY OF YOLO; CITY OF WEST SACRAMENTO; UNION PACIFIC RAILROAD, a business organization of unknown status; and DOES 1-50, inclusive, | |
| Defendants. | |
| _____/ | |

----oo0oo----

This matter is before the court on motion by plaintiffs Joshua Ward and Fonda Ward for reconsideration of the court's July 22, 2005 order granting summary judgment of plaintiffs'

negligence claim against the National Railroad Passenger Corporation[1] ("AMTRAK").[2,3]

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment shall be filed no later than 20 days after entry of judgment.[4]  Fed. R. Civ. P. 59(e).  Amendment or alteration is appropriate under Rule 59(e) if the court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust, or (3) if there has been an intervening change in the controlling law.  See Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).

In the July 22, 2005 Memorandum and Order, the court concluded that plaintiffs' claim for "Negligent Train Operation"

---

[1] This defendant was erroneously sued as "California Amtrak."

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. Local Rule 78-230.

[3] The factual background of this case is described in detail in the court's July 22, 2005 Memorandum and Order.

[4] Although the court's grant of summary judgment resolved all claims against defendant Amtrak, it was not an appealable final order.  Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules, includes any decrees or order from which an appeal lies.")  Thus, Rule 59(e) technically does not apply.  Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.")  However, the court has inherent discretion alter or amend interlocutory order at any time before entry of final judgment.  Fed. R. Civ. P. 54(b) (". . . any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); United States v. Martin, 226 F.3d 1042, 1048-49. (9th Cir. 2000), cert denied, 121 S. Ct. 1671 (2001).

2

articulated only an excessive speed claim and that such claims are preempted by the Federal Rail Safety Act of 1970 ("FRSA"), 49 U.S.C. § 20101, et seq.[5]  Plaintiffs contend that the court should reconsider its ruling because the language of the complaint can be construed broadly to state a claim of negligence based on conduct separate and independent from the speed of the train, such as failure of the train conductor to look for the presence of pedestrians on the bridge despite his knowledge that pedestrians frequently crossed the bridge and failure to stop the train once he realized that there was a pedestrian on the bridge who was not aware that a train was approaching him from behind. (See Pls.' Mem. Supp. Reconsideration at 3.)

   After reviewing plaintiffs' complaint as well as the memoranda filed by the parties, the court concludes that reconsideration is warranted.  While inartfully drafted, plaintiffs' complaint can be construed liberally to state a negligence claim based on conduct other than excessive speed, which would not be preempted by the FRSA.  On summary judgment, the court is required to give the benefit of all favorable inferences to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Here, the language of the complaint and plaintiffs' evidence support a claim of negligence independent of the excessive speed claim.  (See e.g., Dec. of Michael Wikman filed April 26, 2005 [concluding that Keating was inattentive as he approached the bridge and that he actually accelerated as he approached Mr. Ward].)  Accordingly the court

---

[5]   Formerly codified at 45 U.S.C. § 434, et seq.

grants plaintiffs' motion for reconsideration and modifies its July 22, 2005 order as follows:

   1.  Defendants' motion for summary judgment of Claim One against Amtrak is GRANTED.

   2.   Defendants' motion for summary judgment of Claim Two against Amtrak is GRANTED to the extent plaintiffs' negligence claim is based on the train's excessive speed but DENIED in all other respects.

   3.  Defendants' motion for summary judgment of Claim Three against Amtrak is GRANTED in part and DENIED in part.  The motion is granted only as to allegations of excessive speed.

   4.  Defendants' motion for summary judgment of Claims Four and Five against Union Pacific is DENIED.

   IT IS SO ORDERED.

DATED: August 25, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

4